UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MATTHEW PEPIN,<br><br>　　　　　Defendant. | 5:22-CR-50018-JLV<br><br>ORDER DENYING DEFENDANT'S MOTION TO PROVIDE MEDICATIONS (DOC. 36) |

Defendant Matthew Pepin filed a motion requesting that the Court order the Pennington County Jail to provide Defendant with his previously ordered mental health medications. (Doc. 36). The United States opposes the motion. (Doc. 39). The pending motion was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Chief Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

## DISCUSSION

18 U.S.C. § 4001 grants the Attorney General the authority to supervise federal prisoners. The Attorney General may enter into agreements with state and local facilities for the safekeeping, care, and subsistence of prisoners. 18 U.S.C. §§ 4002, 4013. Pursuant to 18 U.S.C. § 4086, the "United States Marshals shall provide for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution." The Attorney General has delegated to the U.S. Marshals the

1

authority for the "acquisition of adequate and suitable detention space, health care and other services and materials required to support prisoners under the custody of the U.S. Marshal who are not housed in Federal facilities." 28 C.F.R. § 0.111(o). Further, the Director of the United States Marshal Service shall direct and supervise "[s]ustention of custody of Federal prisoners from the time of their arrest by a marshal or their remand to a marshal by the court, until the prisoner is committed by order of the court to the custody of the Attorney General for the service of sentence." 28 C.F.R. § 0.111(k). Finally, the detention provisions in 18 U.S.C. § 3142(i) do not limit the Attorney General's discretion to select the appropriate forum for the pre-trial detention of a defendant awaiting trial.

"[T]he supervision of inmates who are legally confined in federal institutions are the exclusive prerogatives of the proper administrative authorities and . . . the federal courts will not interfere with such administration[.]" Haynes v. Harris, 344 F.2d 463, 465 (8th Cir. 1965) (citations omitted); see Frazier v. Ciccone, 506 F.2d 1022, 1024 (8th Cir. 1974) ("It is not the function of the courts to run the prisons, or to undertake to supervise the day-to-day treatment and disciplining of individual inmates; much must be left to the discretion and good faith of prison administrators." (quoting Sawyer v. Sigler, 445 F.2d 818, 819 (8th Cir. 1971)); Garcia v. Steele, 193 F.2d 276, 278 (8th Cir. 1951). The Attorney General is vested with the authority to determine where pretrial detainees should be housed and the

logistics of providing adequate health care.  The court will not interfere with those determinations.  No good cause appearing, it is hereby

ORDERED that Defendant's motion to provide Defendant with his previously ordered mental health medications is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CRIM. P. 58(g)(2); 59(a).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  FED. R. CRIM. P. 59(a).  Objections must be timely and specific in order to require review by the district court.

DATED this 19th day of August, 2022.

BY THE COURT:

*[signature]*
DANETA WOLLMANN
United States Magistrate Judge