UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW PEPIN,<br><br>Defendant. | 5:22-CR-50018-JLV<br><br>ORDER DENYING MOTION<br>TO SEVER (DOC. 74) |

Matthew Pepin filed a Motion to Sever "Counts 1 and 2 from the other allegations and sever Counts 6 and 7 to be tried individually." (Doc. 74). The United States opposes the motion. (Doc. 75). The seven-count Superseding Indictment in the above captioned case charges four counts of Distribution of Controlled Substance Resulting in Death and Serious Bodily Injury in violation of 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(C) and three counts of Possession with Intent to Distribute Controlled Substance in violation of 21 U.8.C. §§ 841(a)(l) and 841(b)(l)(B) and (C). (Doc. 62). The pending motions were referred to the Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and United States District Court District of South Dakota's local rules, LR 57.11(B).

**FACTUAL BACKGROUND**

Resolution of a motion for joinder must be determined from the factual allegations of the indictment and those allegations are to be considered as true. United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984); see also United

1

States v. Willis, 940 F.2d 1136, 1138 (8th Cir. 1991) ("the indictment on its face revealed a proper basis for joinder").

The indictment states, in various counts, that on or about October 26, 2021, January 22, 2022, September 6, 2021, and November 16, 2021, in Rapid City, in the District of South Dakota, Matthew Pepin, did knowingly and intentionally distribute a controlled substance, resulting in overdose, death, or serious bodily injury to four individuals. (Doc. 62).[1] The indictment also states that on or about January 26, 2022, in Rapid City, in the District of South Dakota, Matthew Pepin, did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, methamphetamine, and fentanyl. Id.[2]

## DISCUSSION

**I. Motions to Sever**

Mr. Pepin "respectfully requests the Court to sever Counts 1 and 2 from the other allegations and sever Counts 6 and 7 to be tried individually. Counts 3, 4, and 5 could be tried with Count 2, Annalease Red Shirt." (Doc. 74, p. 3). The United States opposes the motion because Pepin did "not establish[] severe prejudice from a trial on all counts." (Doc. 75, p. 5).

---

[1] Count I charges the overdose (heroin) resulting in serious bodily injury to Brian Adkins on October 26, 2021; Count II charges the overdose (fentanyl) death of Annalese Red Shirt on January 22, 2022; Count VI charges the overdose (fentanyl) death of Brian Branson on September 6, 2021; and Count VII charges the overdose (heroin) resulting in serious bodily injury to Jennifer Nordby on November 16, 2021.
[2] Count III charges possession with the intent to distribute methamphetamine; Count IV charges possession with the intent to distribute heroin; and Count V charges possession with the intent to distribute fentanyl.

2

### A. The Counts are Properly Joined under Rule 8(a)

When considering a motion for severance, the district court must first determine whether joinder was proper under Rule 8(b) of the Federal Rules of Criminal Procedure. United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995). Federal Rule of Criminal Procedure 8(a) provides an indictment may charge a defendant in separate counts with two or more offenses if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

The Eighth Circuit has held Rule 8(a) is "broadly construed in favor of joinder to promote the efficient administration of justice." United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008) (internal citations omitted). The rules regarding joinder and severance are "designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Bruton v. United States, 391 U.S. 123, 132 (1968) (internal quotation omitted). "Joinder of offenses is proper where the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979).

Here, Pepin does not argue that the claims are improperly joined under 8(a). All the offenses occurred between September 6, 2021, and January 26, 2022, less than a five-month timespan. The court finds that joinder under 8(a)

3

is proper as the offenses are of the same or similar character, namely Pepin's possession of a controlled substance with intent to distribute, as well as actual distribution of the same substances. Further, the counts are a part of a common scheme or plan, namely the distribution of controlled substances. In light of proper joinder, the issue is whether the joinder is prejudicial, permitting severance.

### B. Severance under Rule 14(a)

Severance under Federal Rule of Criminal Procedure 14(a) provides, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

"Prejudice to the defendant must be both 'real' and 'clear'." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation marks and citation omitted). There is a strong presumption against severing properly joined counts and the defendant carries a heavy burden in establishing prejudice. Id.; United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005). This is because the rules regarding joinder and severance "are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.' " Zafiro v. United States, 506 U.S. 534, 540 (1993) (quoting Bruton, 391 U.S. at 131 n.6). The Eighth Circuit has explained that these rules should be construed liberally in favor of joinder, see United States

4

v. Johnson, 462 F.3d 815, 821 (8th Cir. 2006), and has held that "[o]nly in an unusual case ... will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." United States v. Huggans, 650 F.3d 1210, 1221 (8th Cir. 2011) (quoting United States v. Kirk, 528 F.3d 1102, 1107 (8th Cir. 2008)).

This clear preference for joinder, applicable here, may be overcome if the party moving to sever "can show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice." United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009). When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary; however, the risk of prejudice posed by joint trials is best cured by "less drastic measures, such as limiting instructions." Zafiro, 506 U.S. at 537.

Rule 14 severance should be granted only "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants[] or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Zafiro, 945 F.2d 881, 885 (7th Cir. 1991). Substantial prejudice from a joint trial may be shown where, for example, "the jury might use evidence of one crime to infer guilt on the other [crime] or that the jury might cumulate the evidence to find guilt on all crimes when it would not have found guilty if the crimes were considered separately." Huggans, 650 F.3d at 1221 (quoting United States v. Davis, 103 F.3d 660, 676 (8th Cir. 1996)); see also United States v. Garrett, 648 F.3d 618, 625-26 (8th Cir. 2011) (internal citation omitted) ("Severe prejudice occurs when a defendant is deprived of an

5

appreciable chance for an acquittal, a chance that [he] would have had in a severed trial[.]").

On the other hand, "[w]here evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." United States v. Reynolds, 720 F.3d 665, 669 (8th Cir. 2013); see United States v. Mink, 9 F.4th 590, 604 (8th Cir. 2021) (quoting United States v. McCarther, 596 F.3d 438, 442 (8th Cir. 2010) ("No prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other."); United States v. Brown, 653 F.3d 656, 662 (8th Cir. 2011).

## C. Pepin has not Established Prejudice Warranting Severance

When joinder is proper under Rule 8, the defendant seeking to sever his case has the burden to demonstrate how a joint trial would prejudice his right to a fair trial. Darden, 70 F.3d at 1526. Pepin argues "[t]he prejudicial effect of the joinder of these two drugs overdoses offenses is huge. The witnesses are separate and unique, and the only common witness would be the forensic pathologist." (Doc. 74, p. 6). The United States asserts "the prosecution will involve overlapping witnesses, including the case agent, medical experts, and civilian witnesses, as well as customers of the defendant.[3] In other words, the

---

[3] The United States stated, "people who purchased controlled substances from the defendant would be called as witnesses in support of all the counts charged to show knowledge, intent to distribute, and actual distribution." (Doc. 75, pp. 4-5).

defendant's assessment that the only common witness would be the forensic pathologist is incorrect." (Doc. 75, p. 4).

Pepin alleges prejudice because the "forensic medical testimony will be voluminous" and overly cumulative. (Doc. 74, p. 7). In this case, both the overdose deaths are alleged to be the result of the defendant's distribution of fentanyl to the victims (counts 2 and 6 (which also include heroin)). Both the non-fatal overdose deaths are alleged to be the result of the defendant's distribution of heroin to the victims (counts 1 and 7). It does not appear that the medical testimony regarding the effects of certain drugs on the body will be cumulative. In fact, it will likely improve the education of the jury to understand whether the United States has met its burden to show that, but for the ingestion of the drug, the victim would not have died or been placed in serious risk of death. With proper instruction, the jury will not have any more difficulty in understanding the evidence than would be true in other cases involving medical testimony.

Pepin states "courts have also recognized the danger in joinder of offenses that arises from the difficulty of presenting separate defenses to each offense charged, especially where the defendant may want to testify with respect to one offense but not the other." (Doc. 74, p. 2). A defendant does not satisfy this burden by simply suggesting he may want to testify on one count, but not another. States v. Jardan, 552 F.2d 216, 220 (8th Cir. 1977). Pepin failed to present "enough information regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to

7

testify on the other to satisfy the court that the claim of prejudice is genuine and to enable [the court to] intelligently weigh the considerations of 'economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying.' " Id.  Therefore, Pepin failed to establish prejudice warranting severance.  See United States v. Possick, 849 F.2d 332, 338 (8th Cir. 1988).

Pepin asserts that severance is warranted because "[t]he jury must view the charges and elements independently, which would be very difficult, if not impossible, for a potential juror in this case.  The dissimilarity between these counts prejudices the defense and the Government's strategy deprives the defendant of a Fair Trial and Due Process and prejudices the defense by merely showing propensity." Id. at p. 7.  However, this alleged risk of prejudice can be addressed with a relatively standard jury instructions.  See United States v. Mann, 685 F.3d 714, 718 (8th Cir. 2012).  The Eighth Circuit pattern jury instructions make it clear that when a defendant is charged with separate crimes the jury must consider each count separately and return a separate verdict for each count.  See Eighth Circuit Manual of Model Criminal Jury Instructions 3.06.  It is presumed that jurors will follow the Court's instructions.  Zafiro, 506 U.S. at 573.

Pepin has not demonstrated that substantial prejudice would result from a joint trial of all his Counts.  The counts involve similar conduct, and it appears that there is sufficient overlap of issues such that evidence of one crime would be probative and admissible at the defendant's separate trial for

the other crime. Reynolds, 720 F.3d at 669. Because the evidence of one charge would be admissible in a separate trial on the other, no prejudice results. See Mink, 9 F.4th at 604 (quoting McCarther, 596 F.3d at 442). Therefore, Pepin is unable to establish prejudice warranting severance.

Pepin's motion to sever is denied because joinder is appropriate and there appears to be no risk of severe prejudice that cannot be addressed with a standard jury instruction.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Sever (Doc. 74) be denied.

## **NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 26th day of September, 2023.

BY THE COURT:

Daneta Wollmann
United States Magistrate Judge